STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER E. BURGESS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1051** (BOR Appeal No. 2049390)
                    (Claim No. 2009075422)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher E. Burgess, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 22, 2014, in which the Board affirmed an April 22, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 14, 2011, decision granting Mr. Burgess a 2% permanent partial disability award related to his psychiatric impairment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burgess worked as a coal miner for Eastern Associated Coal, LLC. On January 15, 2009, Mr. Burgess sustained injuries to his left leg and knee when a rock fall pinned him against a roof bolt machine. Mr. Burgess applied for workers' compensation benefits based on the injury, and his claim was held compensable for a contusion and a crush injury of the left knee. Following over a year of treatment, which included arthroscopic surgery and physical therapy, Marsha Bailey, M.D., evaluated Mr. Burgess and determined that he had reached his maximum degree of medical improvement. Dr. Bailey determined that Mr. Burgess had 14% whole person

1

impairment related to his left knee injury. The claims administrator granted Mr. Burgess a 14% permanent partial disability award based on Dr. Bailey's evaluation.

Mr. Burgess primarily received treatment during this time from Syed A. Zahir, M.D. Following the decision granting Mr. Burgess a permanent partial disability award, Dr. Zahir noted that he appeared to be under a great deal of stress related to the trauma and disability of his knee. Dr. Zahir believed Mr. Burgess was severely depressed. Mr. Burgess was then treated by a psychiatrist, Safiullah Syed, M.D., who found that he had developed depression and social anxiety related to his left leg pain. Mr. Burgess also received psychological counseling from Crystal Whittington, M.A. Mr. Burgess reported to Ms. Whittington that he had grown more irritable because of his constant pain. He also reported that his wife had left him because of his anger problems. Edward Jones, M.A., then performed psychological testing on Mr. Burgess. He found that Mr. Burgess reported symptoms of severe depression and anxiety. He also found that Mr. Burgess had social phobia. Based on his testing, Mr. Jones also found that Mr. Burgess had a Global Assessment of Functioning (GAF) score of 50. Mark Casdorph, M.D., performed a psychiatric evaluation and found that he had developed depression and anxiety because of the compensable injury. Dr. Casdorph, however, found that the psychological testing revealed that Mr. Burgess feigned memory loss and endorsed a variety of psychiatric symptoms which were in excess of those normally seen. Dr. Casdorph found that Mr. Burgess had 10% psychiatric impairment, but he believed that his impairment was attributable to compensable and non-compensable factors. Dr. Casdorph apportioned 2% impairment to the compensable injury and 8% impairment to non-compensable factors. Following this evaluation, the claims administrator added major depressive disorder as a compensable condition of the claim.

On December 14, 2011, the claims administrator granted Mr. Burgess a 2% permanent partial disability award for his psychiatric conditions. Phillip Robertson, M.D., also performed a psychiatric evaluation. He noted that Mr. Burgess did not have any psychiatric symptoms prior to the compensable injury. He believed that Mr. Burgess developed emotional problems because of the persistent pain associated with his compensable injury. Dr. Robertson also noted Mr. Burgess's struggles with self-esteem and self-worth because of the compensable injury. Dr. Robertson noted some evidence of symptom magnification but found that his complaints were compatible with his psychiatric problems. Dr. Robertson found that Mr. Burgess had a GAF score of 54. Based on this score, Dr. Robertson found that Mr. Burgess had 10% psychiatric impairment. Dr. Robertson apportioned 8% impairment to the compensable injury and 2% impairment to non-compensable factors. Bobby Miller, M.D., also performed a psychiatric evaluation. His evaluation was based on the psychological evaluation of Richard Reeser, M.A. Dr. Miller found, based on Mr. Reeser's evaluation, that Mr. Burgess endorsed a high frequency of symptoms that are atypical in patients with genuine psychiatric disorders. Dr. Miller believed this raised the suspicion of malingering and symptom magnification. Dr. Miller found that Mr. Burgess had 2% psychiatric impairment related to the compensable injury. On April 22, 2014, the Office of Judges affirmed the claims administrator's December 14, 2011, decision. The Board of Review affirmed the Office of Judges' Order on September 22, 2014, leading Mr. Burgess to appeal.

The Office of Judges concluded that Mr. Burgess did not demonstrate that he was entitled to more than a 2% permanent partial disability award related to his psychiatric impairment. The Office of Judges based this determination on the evaluation of Dr. Miller. The Office of Judges found that Dr. Miller's impairment recommendation was the most reliable assessment of Mr. Burgess's psychiatric condition because his evaluation was based on psychological testing. The Office of Judges also found that Dr. Miller properly considered evidence of Mr. Burgess's symptom magnification and factored this evidence into his impairment recommendation. The Office of Judges also considered the impairment recommendations of Dr. Casdorph and Dr. Robertson. The Office of Judges did not rely on Dr. Casdorph's opinion because he apportioned a large percentage of Mr. Burgess's impairment to non-compensable factors even though his medical history did not include any complaints of psychiatric problems prior to the date of the compensable injury. The Office of Judges also did not rely on the impairment rating of Dr. Robertson. The Office of Judges found that his evaluation did not comply with the requirements of West Virginia Code of State Rules § 85-20-12.8(c) (2006) because it was not performed in conjunction with a psychological evaluation. The Office of Judges also found that the accuracy and reliability of Dr. Robertson's assessment was called into question because he did not adequately consider evidence that Mr. Burgess was magnifying his symptoms.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order. The Board of Review, however, disagreed with the Office of Judges' conclusion that Dr. Robertson's evaluation did not comply with the requirements of West Virginia Code of State Rules § 85-20-12.8(c) because Dr. Robertson reviewed the psychological testing performed by Mr. Jones. The Board of Review, nevertheless, concluded that Mr. Burgess was entitled to a 2% permanent partial disability award related to his psychiatric impairment.

On appeal, Mr. Burgess asserts that he is entitled to an 8% permanent partial disability award related to his psychiatric impairment. Mr. Burgess argues that Dr. Robertson's evaluation complied with the requirements of West Virginia Code of State Rules § 85-20-12.8(c) and that his impairment recommendation should be adopted by this Court.

We agree with the conclusions of the Board of Review. Mr. Burgess has not demonstrated that he is entitled to any greater than a 2% permanent partial disability award related to his psychiatric impairment. The psychiatric evaluation of Dr. Miller demonstrates that Mr. Burgess had 2% whole person impairment related to his psychiatric conditions. Dr. Miller's evaluation is consistent with the guidelines for rating psychiatric impairment under West Virginia Code of State Rules § 85-20 Exhibit B (2006). The Office of Judges was within its discretion in adopting his opinion. The record does not support the Office of Judges' conclusion that Dr. Robertson failed to comply with the requirements of West Virginia Code of State Rules § 85-20-12.8(c). Because the regulation applies to the initial psychiatric evaluation and not every subsequent evaluation, Dr. Robertson was not required to comply with its requirements. Nevertheless, the Office of Judges provided a sufficient additional reason for disregarding Dr. Robertson's impairment recommendation. Dr. Robertson's evaluation did not take adequate account of the ample evidence of symptoms magnification in the record, and the Office of Judges was justified in disregarding his opinion for this reason. Therefore, the Office of Judges' misapplication of West Virginia Code of State Rules § 85-20-12.8(c) was not a prejudicial error.

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II